EDWARD H. EDDY, Who Sues on Behalf of Himself and All Other Restaurant and Hotel Operators in the City of Buffalo, New York, Similarly Situated, Appellant, *v.* CITY OF BUFFALO and GEORGE S. BUCK and Others, as and Constituting The Council of the Said City of Buffalo, Respondents.

Fourth Department, July 6, 1920.

**Municipal corporations — collection of garbage in city of Buffalo — constitutional law — police power — municipal ordinance relating to collection of garbage in said city constitutional — when collector of garbage is independent contractor and not employee.**

Section 153 of chapter 25 of the ordinances of the city of Buffalo, which in substance prohibits the collection of garbage in said city without a license from the board of health approved by the council and prohibiting the issuance of such licenses where the city itself is collecting the garbage or does so through a municipal contractor, is a valid exercise of the police power, and a person who has entered into a contract with a third party for the collection of his garbage is not entitled to an injunction preventing the city from enforcing said ordinance.

Where the person who agreed to collect the plaintiff's garbage paid a certain sum per month for the privilege and used the garbage for feeding hogs upon his farm, he was an independent contractor collecting garbage for his own

purposes and is in no sense an employee of the person whose garbage he collects and the contract is illegal under the municipal ordinance aforesaid.

*It seems,* that the power of the State to regulate the collection of garbage in cities is broad enough to prevent the owner from drawing his own garbage through the city streets in violation of an ordinance.

APPEAL by the plaintiff, Edward H. Eddy, from an interlocutory judgment of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 24th day of April, 1920, upon the decision of the court, rendered after a trial at the Erie Special Term, sustaining defendants' demurrer to the complaint and dismissing the complaint, with costs.

*William Brennan, Jr.,* for the appellant.

*William S. Rann* [*Ralph K. Robertson* of counsel], for the respondents.

HUBBS, J.:

This is an appeal from an interlocutory judgment sustaining a demurrer to the complaint. The plaintiff keeps a restaurant in the city of Buffalo. He entered into a contract with a third party to collect his garbage, to furnish receptacles, to clean the same, to return the silver and table ware found in the receptacles, and to pay to the plaintiff three dollars a month for the stock food taken away in the receptacles. The plaintiff demands an injunction against the city to prevent it from enforcing a city ordinance regulating the collection and transportation of garbage.

The sole question here is whether or not the complaint, excluding conclusions of law, states a cause of action. In the case of *City of Rochester* v. *Gutberlett* (211 N. Y. 309) an action was brought by the city for an injunction against the defendant restraining him from violating an ordinance which forbade the collection of garbage in the city of Rochester by any one not having a contract with the city to do such work. In that case there was a trial, findings were made by the Special Term, and an injunction was granted. This court affirmed the judgment of the Special Term (151 App. Div. 900), and the judgment of this court was affirmed by the Court of Appeals. It was held in the Court of Appeals that it is within the power

of a municipality not only to impose reasonable restrictions and regulations upon the manner of removing garbage, but also, if it seems fit, to assume exclusive control of the subject, and to provide that garbage and refuse matter shall only be removed by the officers of the city or by a contractor hired by the city, or by some single individual to whom an exclusive license is granted for the purpose. An exclusive right so created is not open to the objection that it is a monopoly. In his opinion in that case Judge CHASE said: " It will be observed that there is nothing in the ordinance now under consideration to prevent the owner of a restaurant or hotel from removing the garbage, bones and kitchen refuse on his property to a place where it will not be a nuisance to the public health, there to be fed to hogs or otherwise disposed of in such manner as to such owner may seem desirable." The plaintiff in this action seeks to bring himself within the statement made by Judge CHASE, assuming that if he does so the ordinance of the city of Buffalo would not be valid as against him. He argues that from the statement above quoted the Court of Appeals intended it to be understood that if the facts were as stated in such quotation, the plaintiff in that case could not succeed. The Court of Appeals, however, does not hold any such proposition and I am of the opinion that, even though the plaintiff in this action came within the fair meaning of the clause quoted above, still he could not succeed in this action. I think the power of the State to regulate the collection of garbage in cities is broad enough to prevent the owner from drawing his own garbage through the city streets in violation of an ordinance.

However, it is not necessary to decide that proposition in disposing of this case, for it appears clearly, from an analysis of the complaint in this action, that the plaintiff comes squarely within the decision of the Court of Appeals in the case cited and not within that part of the opinion above quoted which the plaintiff seeks to demonstrate is an exception to the holding of the court. The contract between the plaintiff and the person collecting his garbage shows upon its face that the collector of the garbage is an independent contractor the same as the defendant in the *Rochester* case. The contract provides that the collector was:

(1) To furnish, without expense to the plaintiff, water-tight galvanized iron receptacles.

(2) To clean and sterilize the receptacles on his farm.

(3) To perform the labor of placing the receptacles in the plaintiff's building and to remove them with the contents without annoyance and at times convenient for the plaintiff.

(4) To transport the same from the restaurant to his own farm.

(5) To sort the garbage and to return to the plaintiff silverware and table ware.

(6) To pay the plaintiff the sum of three dollars a month for the stock food received.

The plaintiff argues that this contract makes the farmer who collects the garbage under the contract an employee of the plaintiff and, therefore, that the *Rochester* case is not applicable. It is very clear that the farmer is, in fact, a contractor, who is buying and collecting garbage for his own purposes and that he is in no sense an employee of the plaintiff, and we are bound by the decision in the *Rochester* case.

Section 153 of chapter 25 of the ordinances in force in the city of Buffalo reads as follows: " No person shall remove or cause to be removed any of the contents of any garbage receptacle placed in or outside of a building for collection, nor shall any person collect or perform the duties of a collector of garbage, food refuse or kitchen refuse without a license from the Board of Health approved by the Council, and no such license shall be issued to any person while the City of Buffalo through the Department of Public Works or through a contractor is collecting such garbage, food refuse and kitchen refuse in the City, and no person except such a licensee or the employes or contractor designated by the Department of Public Works shall convey, carry or transport any garbage, food refuse or kitchen refuse through, over or along any of the streets of the City of Buffalo. Any person violating any of the provisions of this section shall forfeit and pay a penalty or fine of not more than two hundred and fifty dollars for each and every offense." This ordinance was adopted on September 12, 1919.

Under the wording of such ordinance, the plaintiff cannot succeed if the ordinance in question is valid, and the *Rochester* case clearly holds that it is valid, at least as against a con-

tractor. If it is not valid as against a restaurant keeper who transports his kitchen garbage through the public streets himself or by his employees, still the plaintiff is not in a position to raise that question as the one who transports the garbage in the case at bar is not an employee but a contractor.

The interlocutory judgment should be affirmed, with costs.

All concur.

Interlocutory judgment affirmed, with costs, with leave to the plaintiff to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.